IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOSH PERIO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-13-1754 |
| | § | |
| TITAN MARITIME, LLC and | § | |
| T&T MARINE SALVAGE, INC., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the court is plaintiff Josh Perio's Renewed Motion for Remand (Docket Entry No. 20). For the reasons explained below, Perio's Renewed Motion for Remand will be denied.

### I. Background

Defendant Titan Maritime, LLC ("Titan") removed this action from the 129th Judicial District Court of Harris County, Texas, on June 17, 2013.[1] Titan argued that removal was proper on the basis of diversity jurisdiction because T&T Marine Salvage, Inc. ("T&T") was improperly joined.[2] Perio filed his first Motion for Remand on July 16, 2013.[3]

---

[1] Defendant's Notice of Removal, Docket Entry No. 1.

[2] Id. at 3 ¶ 12.

[3] Plaintiff's Motion for Remand, Docket Entry No. 9.

The court denied Perio's Motion for Remand on October 8, 2013.[4] The court held that to the extent that Texas law applies to this case, T&T is immune from suit under the exclusive remedy provision of the Texas Workers' Compensation Act ("TWCA") and there is not a reasonable basis to predict that Perio might be able to recover against T&T in state court.[5] The court noted, however, that on the facts presented it was "unable to determine whether and to what extent Perio's cause of action is governed by the general maritime law."[6] Because the applicability of general maritime law could bear on the propriety of remand, the court required additional briefing from the parties.[7]

Perio filed his Renewed Motion to Remand on October 25, 2013.[8] Titan and T&T (collectively, "Defendants") filed separate responses on November 14, 2013.[9] On November 25, 2013, Perio filed his Reply.[10]

---

[4]Memorandum Opinion and Order, Docket Entry No. 16.

[5]Id. at 12-18.

[6]Id. at 26.

[7]Id. at 36.

[8]Plaintiff's Renewed Motion for Remand, Docket Entry No. 20.

[9]T&T Marine Salvage, Inc.'s Response to Plaintiff's Renewed Motion for Remand ("T&T's Response"), Docket Entry No. 21; Titan Maritime, LLC's Response in Opposition to Plaintiff's Renewed Motion for Remand ("Titan's Response"), Docket Entry No. 22.

[10]Reply in Support of Plaintiff's Renewed Motion for Remand and Objection to Affidavit of Kevin Teichman ("Reply"), Docket Entry (continued...)

On November 27, 2013, Defendants moved to file a surreply in order to address certain allegations, evidence, and objections raised in Perio's Reply.[11] Defendants filed their Surreply on December 3, 2013.[12] Perio filed his objections to the evidence presented in Defendants' Surreply on December 5, 2013.[13] Defendants filed a response to Perio's objections on December 11, 2013.[14]

## II. Perio's Renewed Motion for Remand

Perio argues that general maritime law applies in this case.[15] Perio further argues that under the general maritime law he may be able to recover against T&T, his non-diverse employer, despite T&T's provision of workers' compensation insurance and the TWCA's

---

[10](...continued)
No. 23.

[11]Joint Motion for Leave to File a Surreply and Request for Expedited Consideration of the Motion, Docket Entry No. 24.

[12]Defendants' Joint Surreply to Plaintiff's Reply in Support of Plaintiff's Renewed Motion for Remand and Objection to Affidavit of Kevin Teichman ("Surreply"), Docket Entry No. 26.

[13]Plaintiff's Objection to the Affidavits of Gordon Amos and Elias Psyllos, Attached to Defendants' Surreply ("Plaintiff's Objection"), Docket Entry No. 27.

[14]Defendants' Joint Response to Plaintiff's New Affidavit and Plaintiff's Objections to Affidavits of Gordon Amos and Elisa Psyllos ("Defendants' Joint Response"), Docket Entry No. 28.

[15]Plaintiff's Renewed Motion for Remand, Docket Entry No. 20, pp. 3-9 ¶¶ 9-28; Reply, Docket Entry No. 23, pp. 1, 3-7 ¶¶ 6-16.

exclusive remedy provision.[16]  See <u>Green v. Vermilion Corp.</u>, 144 F.3d 332 (5th Cir. 1998); <u>King v. Universal Elec. Const.</u>, 799 F.2d 1073, 1074 (5th Cir. 1986) (per curiam); <u>Thibodaux v. Atlantic Richfield Co.</u>, 580 F.2d 841, 847 (5th Cir. 1978). Accordingly, Perio argues that T&T was properly joined and complete diversity is lacking.[17]

"[T]he question of whether maritime law applies is not always conclusively answered at the removal stage of a lawsuit. There may be insufficient factual development at that time to determine either the cause of the incident or the general character of the activity giving rise to it." <u>Barker v. Hercules Offshore, Inc.</u>, 713 F.3d 208, 218 (5th Cir. 2013). Much of the parties' briefing has focused on factual allegations concerning the events giving rise to Perio's injuries and how those facts bear on the applicability of general maritime law in this case.[18] The court appreciates the parties' briefing on the issues, but realizes that

---

[16]Plaintiff's Renewed Motion for Remand, Docket Entry No. 20, pp. 10-12 ¶¶ 29-33.

[17]<u>Id.</u> at 12-13 ¶¶ 34-36. Titan acknowledges that if general maritime law applies, it "would destroy complete diversity in this matter" because "maritime law would preempt the TWCA" and thus "Perio could theoretically recover against T&T on a general maritime claim in state court." Titan's Response, Docket Entry No. 22, p. 6 ¶¶ 10-11.

[18]Plaintiff's Renewed Motion for Remand, Docket Entry No. 20, pp. 3-9 ¶¶ 9-28; T&T's Response, Docket Entry No. 21, pp. 3-9; Titan's Response, Docket Entry No. 22, pp. 3-6 ¶¶ 5-9; Reply, Docket Entry No. 23, pp. 3-7 ¶¶ 6-16; Surreply, Docket Entry No. 26, pp. 3-10 ¶¶ 3-12; Plaintiff's Objection, Docket Entry No. 27, pp. 2-3 ¶¶ 3-8; Defendants' Joint Response, Docket Entry No. 28, pp. 2-4.

there is a fundamental dispute about the facts that ultimately goes to the merits of Perio's claims. The court is of the opinion that a motion to remand is not the appropriate vehicle for resolution of these disputed factual issues. Accordingly, the parties may file motions for summary judgment in accordance with the court's Docket Control Order of October 4, 2013,[19] and the court will reconsider its subject matter jurisdiction at that time.

### III. Conclusion and Order

For the reasons explained above, Perio's Renewed Motion for Remand (Docket Entry No. 20) is **DENIED**.

**SIGNED** at Houston, Texas, on this 17th day of December, 2013.

SIM LAKE
UNITED STATES DISTRICT JUDGE

---

[19]Docket Control Order, Docket Entry No. 15.